# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

STATE OF WASHINGTON,

Respondent,

v.

ARTHUR WAYNE HALL,

Appellant.

No.  59185-5-II

UNPUBLISHED OPINION

PRICE, J. — Arthur W. Hall appeals the sentence imposed following his guilty plea to felony violation of a court order and felony harassment.  The State concedes that the superior court erred by imposing community custody.  We accept the State's concession and remand to the superior court for further proceedings consistent with this opinion.

FACTS

On March 18, 2022, Hall pleaded guilty to one count of felony violation of a court order and one count felony harassment.  The superior court imposed 60 months on each count to be served concurrently.  The superior court also imposed "up to" 12 months of community custody on each count with a notation stating, "[F]or any period up to the statutory maximum."  Clerk's Papers at 108.

Hall appeals.

ANALYSIS

Hall argues that the superior court made two errors: (1) that the superior court lacked statutory authority to impose any term of community custody for felony harassment, and (2) that

imposition of a 12-month term of community custody for felony violation of a court order exceeds the statutory maximum for the offense.

First, Hall argues that the superior court was not authorized to impose a term of community custody on felony harassment. "The Sentencing Reform Act of 1981 (SRA)[1] does not authorize a court to impose community custody for felony harassment." *State v. France*, 176 Wn. App. 463, 473, 308 P.3d 812 (2013), *review denied*, 179 Wn.2d 1015 (2014). The State concedes the error. We accept the State's concession and remand to the superior court to strike the term of community custody for the felony harassment.

Second, Hall argues that the superior court exceeded the statutory maximum for the offense of felony violation of a court order by imposing 60 months confinement and a term of community custody. RCW 9.94A.701(10) provides, "The term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021." A 60 month term of confinement and a 12 month term of community custody exceed the statutory maximum for felony violation of a court order. *See* RCW 7.105.450(4), (5) (felony violation of a court order is a class C felony); RCW 9A.20.021(1)(c) (statutory maximum confinement for a class C felony is five years). The State concedes the current sentence exceeds the statutory maximum. We accept the State's concession and remand to the superior court to either strike the term of community custody for felony violation of a court order or resentence Hall consistent with the requirements of RCW 9.94A.701(10).

---

[1] Ch. 9.94A RCW.

No. 59185-5-II

CONCLUSION

The superior court erred in its imposition of community custody as part of Hall's sentence. We remand to the superior court for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

LEE, P.J.

CHE, J.